# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON AVILA GONZALEZ, | Case No. 1:25-cv-00840-SKO |
| Plaintiff, | **ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT** |
| v. | |
| FRANK BISIGNANO, Commissioner of Social Security, | (Doc. 22) |
| Defendant. | |

After successfully obtaining reversal of an Administrative Law Judge's ("ALJ") decision denying his application for Social Security disability benefits, Plaintiff filed an application for an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $21,012.80. (*See* Doc. 22.) On June 2, 2026, Defendant filed an opposition asserting that the number of hours sought by Plaintiff is unreasonable and should be reduced accordingly. (Doc. 26.)

For the reasons set forth below, Plaintiff's application for EAJA fees is GRANTED IN PART.

## I. BACKGROUND

Plaintiff filed this action on July 10, 2025, seeking judicial review of a final administrative decision denying his application for Social Security disability benefits. (Doc. 1.) On February 18, 2026, the Court issued an order reversing the ALJ's decision and remanding the case for further proceedings on the basis that the ALJ's residual functional capacity assessment was not based on substantial evidence. (Doc. 19.)

On May 20, 2026, Plaintiff filed a motion for EAJA fees, contending he is the prevailing party in this litigation and seeking a total award of $21,012.80.  (*See* Doc. 22.)  Defendant timely filed an opposition.  (Doc. 26.)  No reply brief was filed.

It is Plaintiff's motion for attorney's fees under the EAJA that is currently pending before the Court.

## II.    LEGAL STANDARD

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).  "It is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust."  *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

A "party" under the EAJA is defined as including "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed[.]"  28 U.S.C. § 2412(d)(2)(B)(i).  The term "fees and other expenses" includes "reasonable attorney fees."  28 U.S.C. § 2412(d)(2)(A).  "The statute explicitly permits the court, in its discretion, to reduce the amount awarded to the prevailing party to the extent that the party 'unduly and unreasonably protracted' the final resolution of the case."  *Atkins v. Apfel*, 154 F.3d 986, 987 (9th Cir.1998) (citing 28 U.S.C. §§ 2412(d)(1)(C) & 2412(d)(2)(D)).

A party who obtains a remand in a Social Security case is a prevailing party for purposes of the EAJA.  *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993) ("No holding of this Court has ever denied prevailing-party status . . . to a plaintiff who won a remand order pursuant to sentence four of § 405(g) . . . , which terminates the litigation with victory for the plaintiff").  "An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded."  *Gutierrez*, 274 F.3d at 1257.

**III.    ANALYSIS**

There is no dispute Plaintiff is the prevailing party in this litigation and that the Government's position was not substantially justified.  Moreover, the Court finds Plaintiff did not unduly delay this litigation, and Plaintiff's net worth did not exceed two million dollars when this action was filed.  (*See* Doc. 22 at 3.)  The Court thus considers below whether the hours expended by Plaintiff on this case are excessive.

Plaintiff seeks a total award of $21,012.80, comprised of 81.3 hours of attorney time.  (*See* Doc. 22.)  Defendant does not object to Plaintiff's attorney's hourly rate but asserts that the number of hours spent on this case was unreasonable.  (Doc. 26.)  Specifically, Defendant asserts that Plaintiff's attorney's time spent reviewing the record and researching and drafting Plaintiff's opening brief should be reduced because the case concerns "routine" issues and the briefing largely duplicative of both itself and prior briefing in other cases.  (*See id*.)  Defendant recommends a reduction of 30 percent.  (*Id*. at 6.)  Plaintiff did not file a reply brief and thus does not contest Defendant's arguments.

The EAJA provides for an award of "reasonable" attorney fees.  28 U.S.C. § 2412(d)(2)(A).  By statute, hourly rates for attorney fees under EAJA are capped at $125 per hour, but district courts are permitted to adjust the rate to compensate for increases in the cost of living.[1]  28 U.S.C. § 2412(d)(2)(A); *Sorenson v. Mink*, 239 F.3d 1140, 1147-49 (9th Cir. 2001); *Atkins*, 154 F.3d at 987.  Determining a reasonable fee "requires more inquiry by a district court than finding the 'product of reasonable hours times a reasonable rate.'"  *Atkins*, 154 F.3d 988 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  The district court must consider "the relationship between the amount of the fee awarded and the results obtained."  *Id*. at 989.  Counsel for the prevailing party should exercise "billing judgment" to "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary" as a lawyer in private practice would do.  *Hensley*, 461 U.S. at 434; *see also*

---

[1] In accordance with the formula set forth in *Thangaraja v. Gonzales*, 428 F.3d 870, 876–77 (9th Cir. 2005), the Ninth Circuit maintains a list of the statutory maximum hourly rates authorized under the EAJA, as adjusted annually to incorporate increases in the cost of living.  The rates are found on that court's website: https://www.ce9.uscourts.gov/criminal-justice-act/statutory-maximum-rates.  Plaintiff requests an hourly rate of $258.46 for work performed in 2025 and the first part of 2026.  (*See* Doc. 22 at 4.)  This rate is consistent with the statutory maximum rates as set forth by the Ninth Circuit.

*Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) ("The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client.").

A court must "provide a concise and clear explanation of the reasons" for its attorney award calculation. *Hensley*, 461 U.S. at 433, 437; *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). It has wide latitude in determining the number of hours reasonably expended and may reduce the hours if the time claimed is excessive, redundant, or otherwise unnecessary. *Cunningham v. Cnty. of Los Angeles*, 879 F.2d 481, 484 (9th Cir. 1988). "Hours that are not properly billed to one's client are not properly billed to one's adversary pursuant to statutory authority." *Hensley*, 461 U.S. at 434. The applicant bears the burden of demonstrating the reasonableness of the fee request. *Blum v. Stenson*, 465 U.S. 886, 897 (1984).

According to Plaintiff's motion, the tasks completed by Plaintiff's attorney Jacqueline A. Forslund, Esq. include reviewing the administrative record that was over 3,500 pages, drafting Plaintiff's opening brief, and preparing a motion for EAJA fees now pending before the Court. (*See* Doc. 23-2.) After independently reviewing the individual time entries on the timesheets submitted by Ms. Forslund, the Court finds that some of time expended is excessive. For example, Ms. Forslund billed 10.5 hours performing a "detailed review" of the administrative record "with notetaking" and then later billed 16.7 hours to draft a summary of that same evidence into Plaintiff's opening brief. (*See id*.)

Ms. Forslund also billed 5.2 hours drafting a "background and issues section" in the opening brief and conducting "medical research." (*See* Doc. 23-2.) The "background" section is comprised of two paragraphs that merely recite portions of the preceding summary of the medical evidence, and the "issues" section is a single paragraph comprised of two sentences. (*See* Doc. 16 at 25–26.) Although unclear, it appears "medical research" refers to a single sentence on page 32 of the brief and a footnote citing two websites. (*See id*. at 32 and n.3.)

A total of 43.4 hours was billed for drafting the argument section of the opening brief, of which 12.3 hours related to the consideration of medical opinion evidence and Plaintiff's symptom testimony; 11.9 hours related to the ALJ's finding of non-severe impairments; and 9.5 hours related

to the duty to develop the record and prejudice.  Based on a review of opening briefs in other cases filed by Ms. Forslund, it has become apparent to the Court that these arguments are comprised of boilerplate language that is duplicative of other opening briefs.  (*Compare, e.g.*, Doc. 16 at 26–27, 30–31, 34–35 *with Chapman v. Comm'r of Soc. Sec.*, No. 2:24-cv-0222-AC, Doc. 16 at 25–26, 27–29, 37 (filed April 1, 2025); Doc. 16 at 37 *with Nichols v. O'Malley*, No. 1:24-cv-00217-SKO, Doc. 18 at 7 (filed August 12, 2024); Doc. 16 at 45 *with Boek v. O'Malley*, No. 1:24-cv-00348-EPG, Doc. 17 at 16–17 (filed September 20, 2024); Doc. 16 at 45–47 *with Lopez v. O'Malley*, No. 2:24-cv-01721-JDP, Doc. 17 at 17–18 (filed January 9, 2025).)  Finally, Ms. Forslund billed 10.6 hours to "revise" the opening brief, which she herself spent 60.1 hours preparing in the first instance.  (*See* Doc. 23-2.)

For these reasons, the Court will deduct 24.4 hours from Ms. Forslund's time, in accordance with Defendant's unchallenged proposal.

In reviewing Plaintiff's remaining hours, the Court is mindful that, "[b]y and large, the court should defer to the winning lawyer's professional judgment as to how much time was required to spend on the case; after all, [they] won, and might not have, had [they] been more of a slacker." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).  With this deference in mind, and considering the circumstances of this case, the Court finds the remaining time expended by Plaintiff's attorneys on the various tasks, and the total time of 56.9 hours (which includes a 30 percent reduction) to be reasonable, given the experience of counsel (*see* Doc. 23 at 1–2), lengthy administrative record (*see* Doc. 6), and large number of issues (10) in the case (*see* Doc. 16).[2]  *See Widrig v. Apfel*, 140 F.3d 1207, 1209 (9th Cir. 1998) (reasonableness determined by such factors as the novelty and difficulty of the questions involved, the skill requisite to perform the legal service properly, and the experience, reputation, and ability of the attorney); *see also Kuharski v. Colvin*, No. 2:12-cv-1055-AC, 2015 WL 1530507, *1-2, 6 (E.D. Cal. Apr. 3, 2015) (40.80 hours awarded where claimant's attorney required to oppose cross-motions for summary judgment and a motion to amend the judgment); *Boulanger v. Astrue*, No. Civ. S-07-0849 DAD, 2011 WL 4971890, *2 (E.D.

---

[2] The Court notes that even with the reduction, the fee award here is over twice the average EAJA amount awarded both nationally and in the Eastern District of California.  (*See* Doc. 26 at 2.)

Cal. Oct. 19, 2011) (58 hours awarded where cross-motions for summary judgment filed by the parties); *Watkins v. Astrue*, No. Civ S-06-1895 DAD, 2011 WL 4889190, *1 (E.D. Cal. Oct. 13, 2011) (awarding 62 hours where cross-motions for summary judgment filed, the administrative record was 700 pages and opening brief was 55 pages long); *Vallejo v. Astrue*, No. 2:09-cv-03088 KJN, 2011 WL 4383686, *4 (E.D. Cal. Sept. 20, 2011) (approving 62.1 hours where case fully briefed); *Dean v. Astrue*, No. CIV S-07-0529 DAD, 2009 WL 800174, *2 (E.D. Cal. Mar. 25, 2009) (approving 41 hours, noting it was at the upper end, where remand after filing a motion for summary judgment on client's behalf).

### IV.   CONCLUSION AND ORDER

Based on the foregoing, the Court finds that Plaintiff's attorney Ms. Forslund reasonably expended 56.9 hours litigating this case.

Accordingly, it is hereby ORDERED that:

1.   Plaintiff's motion for attorney's fees under the EAJA (Doc. 22) is GRANTED IN PART;

2.   Plaintiff is awarded attorney's fees under the EAJA in the total amount of $14,706.38 (56.9 hours at $258.46 hourly rate); and

3.   Pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010), any payment shall be made payable to Plaintiff and delivered to Plaintiff's attorney, unless Plaintiff does not owe a federal debt. If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the Government shall accept Plaintiff's assignment of EAJA fees (*see* Doc. 23-1) and pay fees directly to Plaintiff's attorney.

IT IS SO ORDERED.

Dated:   **June 17, 2026**                    /s/ *Sheila K. Oberto*
                                             UNITED STATES MAGISTRATE JUDGE